# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORTHOFIX US LLC,

    Plaintiff,

v.

                                    CASE NO.

LAUREN PICKETT,
JULIEANN TELLO,
DANIELLE HOEPNER,
and GREENLIGHT MEDICAL LLC,

    Defendants.

_____/

                              **Injunctive Relief Requested**

## VERIFIED COMPLAINT

Plaintiff Orthofix US LLC, by and through undersigned counsel, files this Verified Complaint against Defendants Lauren Pickett, Julieann Tello, Danielle Hoepner, and Greenlight Medical LLC, and alleges as follows:

1. Orthofix is in the highly competitive medical device market, with a long history of designing, developing, manufacturing, marketing and selling medical implants and instrumentation. In November 2022, three Orthofix sales employees, Defendants Pickett, Tello, and Hoepner (the "Individual Defendants"), resigned in tandem to join a direct competitor, Defendant Greenlight Medical LLC ("Greenlight Medical"). The resignations were the culmination of a plan, involving a former Orthofix Vice President (who now owns Defendant Greenlight

Medical) and the Individual Defendants, to use Orthofix's confidential and proprietary information to unfairly and unlawfully compete in direct violation of the Individual Defendants' contractual obligations to Orthofix.   The strategy predated the Individuals Defendants' coordinated resignations, and involved the Individual Defendants violating their fiduciary duties by meeting with Orthofix customers to set up new sales arrangements for the benefit of a direct Orthofix competitor.

2.     The Defendants' actions have resulted in the immediate loss of substantial business – millions of dollars in revenues annually – and customers for Orthofix.  And Defendants have only just begun.  Defendants are actively trying to recruit more Orthofix employees to join in their unlawful practices.

3.     By this action, Orthofix seeks an injunction enforcing its contractual rights, including the confidentiality and restrictive covenant provisions of the Sales Agreements contained in Exhibits 1-3, and damages.

## Jurisdiction and Venue

4.     Orthofix US, LLC is organized under the laws of the State of Delaware, with its principal place of business located at 3451 Plano Parkway, Lewisville, Texas 75056.  The sole shareholder of Orthofix US, LLC is Orthofix Medical, Inc., which is incorporated in the State of Delaware and headquartered at 3451 Plano Parkway, Lewisville, Texas 75056.  Orthofix US, LLC is a successor

to Orthofix, Inc.  Orthofix has been registered to transact business in the State of Florida since 1995.

5.     Lauren Pickett resides at 4203 Seabreeze Dr., Jacksonville, FL, 32250.  She resigned from her employment with Orthofix as a Territory Manager – Bone Growth Therapies.  Pickett had been responsible for selling Orthofix's products in Nassau, Duval, and Clay counties.  Pickett is currently employed by Defendant Greenlight Medical.

6.     Julieann Tello resides at 7850 Lake Dawn Dr., Winter Park, FL, 32792.  She resigned from her employment with Orthofix as an Area Manager – Bone Growth Therapies.  Tello had been responsible for managing other Orthofix sales representatives and for selling Orthofix's products in Hillsborough, Pinellas, Pasco, Orange, Osceola, Polk, Brevard, and Volusia counties.  Upon information and belief, Tello is currently employed by Defendant Greenlight Medical.

7.     Danielle Hoepner resides at 3000 Nancy St., Orlando, FL, 32806.  She resigned from her employment with Orthofix as a Senior Associate Territory Manager – Bone Growth Therapies.  Hoepner was responsible for selling Orthofix's products in Orange, Osceola, Polk, and Brevard counties.  Hoepner is currently employed by Trilogy Surgical, Inc., which, based on information and belief, is an entity operating through Hoepner for the benefit of Defendant Greenlight Medical.

8.     Greenlight Medical is a Florida limited liability company established in 2021, with its current principal place of business located at 24814 NW 24th Avenue, Newberry, Florida 32669.   Greenlight Medical maintains business operations throughout Central Florida.   Upon information and belief, all of the members of Greenlight Medical, including its principal, Elizabeth Stevenson, are residents and citizens of the State of Florida.

9.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     This Court has personal jurisdiction over the Defendants because each is a resident and citizen of the State of Florida.   Venue is proper in the Orlando Division of the Middle District of Florida because this division is most directly connected to this action.   Each of the Defendants resides and/or conducts business in the counties comprising the geographic area of the Orlando Division.

## General Allegations

## ORTHOFIX'S BONE GROWTH THERAPY ("BGT") BUSINESS

11.     Orthofix is an industry leader in the highly competitive field of bone growth therapy ("BGT") products and therapies for patients undergoing spine and orthopedic surgeries.   Each of the Individual Defendants was responsible for

selling BGT products and therapies (and/or managing sales operations) for Orthofix.

12.    Orthofix sells its BGT products to hospitals, physicians, and medical practices and, in connection with those sales, creates and maintains confidential and proprietary information, including but not limited to:  customer lists, the names of key individuals within its customers and prospects with decision-making authority, documents reflecting customer needs and preferences, customer purchasing histories, internal financial data, internal notes concerning patient details, account details pertaining to specific customers, pricing schedules and agreements, marketing strategies, information relating to insurance and method of payment of customers and patients, and research and development concerning existing and prospective customers (collectively, "Confidential  Information").

13.    Orthofix owns and uses its Confidential Information in its business, documents, records, data compilations, and other related items.   Orthofix has exclusive ownership, possession, and control over its Confidential Information.

14.    Orthofix derives independent economic value from its Confidential Information, which provides Orthofix with a competitive edge in the highly competitive BGT market.   Orthofix has invested significant time and money developing and acquiring its Confidential Information.

15.    Orthofix's Confidential Information is not generally known or readily ascertainable by others.

16.    Orthofix expends substantial efforts to protect its Confidential Information.   Among other things, Orthofix requires employees with access to Confidential Information to execute carefully drafted confidentiality and restrictive covenant agreements.    Employees involved in sales – like the Individual Defendants – are required to execute agreements specifically designed to protect Orthofix's Confidential Information, and the competitive advantage it provides.

## THE INDIVIDUAL DEFENDANTS' BACKGROUNDS AND GREENLIGHT MEDICAL

17.    Prior to becoming direct employees of Orthofix in 2019, each of the Individual Defendants previously worked as sales agents for Orthofix under a distributor relationship Orthofix maintained with Options Medical, LLC ("Options Medical").   The Individual Defendants each reported to Elizabeth Stevenson, who was the principal owner of Options Medical.

18.    In 2019, Orthofix entered into an Asset Purchase Agreement with Options Medical, acquiring substantially all of the assets of Options Medical. Those assets specifically included Options Medical's contracts with its sales agents, including (among others) the Individual Defendants.  As Options Medical's principal owner, Stevenson profited handsomely from the sale of Options Medical

to Orthofix, and after the asset sale Stevenson transitioned to serving as a Regional Vice President for Orthofix.

19.     Stevenson's employment with Orthofix ended in 2020.  Stevenson had certain post-employment covenant agreements with Orthofix.

20.     Upon information and belief, Stevenson formed Greenlight Medical in 2021 (shortly after the noncompete covenant contained in her contractual obligations with Orthofix expired) in order to compete with Orthofix, selling the same type of products and services sold by Orthofix.

## THE INDIVIDUAL DEFENDANTS' RESTRICTIVE COVENANT AGREEMENTS

21.     In connection with the asset purchase of Options Medical, Orthofix offered each of the Individual Defendants employment as direct sales representatives for Orthofix, and each of them accepted.  Orthofix and each of the Individual Defendants signed Sales Agreements establishing their terms of employment.  *See* Sales Agreements attached as **Exhibits 1, 2, and 3**.  Tello was hired as an Area Manager – Bone Growth Therapies; Pickett was hired as a Territory Manager – Bone Growth Therapies; and Hoepner was hired as a Senior Associate Territory Manager – Bone Growth Therapies.

22.     The Sales Agreements each contain one-year non-competition and non-solicitation (of employees and customers) provisions, as follows:

3.      **Protective Covenants.** Employee agrees that the following promises are reasonable and necessary protective covenants for the protection of the property rights described in Paragraph 2 and its subparts above:

3.1     **Definitions. "Competing Business"** means any business activities that involve the same type of products or services sold by Orthofix, or any business so similar in nature that it would displace business opportunities or customers of Orthofix. **"Covered Customer"** means those entities or persons, who Employee personally called upon or met with for business purposes on behalf of Orthofix or on whose sales Employee received commissions or other credits during the two (2) years prior to Employee's separation from employment. **"Restricted Area"** means any area within a 100 mile radius of the primary location where Employee worked or supervised employees for Orthofix during the two (2) years previous to Employee's separation from employment with Orthofix. If Employee works out of his or her home, **"Restricted Area"** shall be defined as any area within a 100 mile radius of Employee's home. If Employee works for Orthofix for less than two (2) years, then the definitions of **"Covered Customer"** and **"Restricted Area"** above shall be defined to incorporate Employee's entire tenure with Orthofix. Employee may not circumvent the purpose of any restriction by engaging in business in the Restricted Area through remote means like telephone, correspondence, or computerized communication.

3.2     **Restriction on Soliciting Employees of Orthofix.** Employee agrees that during employment with Orthofix, and for a period of twelve (12) complete calendar months following the termination of Employee's employment with Orthofix, Employee will not, either directly or indirectly, hire, call on, solicit, or take away, or attempt to call on, solicit or take away any employees or officers of Orthofix or encourage any employees or officers of Orthofix to terminate their relationship with Orthofix.

3.3     **Restriction on Soliciting Customers of Orthofix.** Employee agrees that during employment with Orthofix, and for a period of twelve (12) complete calendar months following the termination of Employee's employment with Orthofix, Employee will not, directly or indirectly, except in connection with Employee's employment with Orthofix, service, do business with, call on, solicit, or take away, or attempt to service, do business with, call on, solicit, or take away any of the Covered Customers of Orthofix in connection with a Competing Business.

3.4     **Restriction on Unfair Competition.** Employee agrees that during employment with Orthofix, and for a period of twelve (12) compete

calendar months following the termination of Employee's employment with Orthofix, Employee will not participate in a Competing Business within the Restricted Area. For purposes of this paragraph, "participate in" includes participating, directly or indirectly, either as an employee, consultant, partner, shareholder, lender, corporate officer, director, or in any other capacity, in assisting a Competing Business; provided, however, that nothing herein prohibits Employee from a passive investment through a mutual fund or through ownership of publicly-traded capital stock of a corporation which represents less than ten percent (10%) of the outstanding capital stock of such corporation.

3.5    **Survival of Covenants.** Each restriction set forth in Paragraphs 3.2, 3.3 and 3.4 herein shall survive the termination of Employee's employment with Orthofix.

*See* **Exhibits 1, 2, and 3**.

23.    The Sales Agreements also contain a detailed description of the types of Confidential Information and Trade Secrets maintained by Orthofix, to which the Individual Defendants were provided access.   *See* Section 2.1 of **Exhibits 1, 2, and 3**.   Section 2.3 of the Sales Agreements provides certain restrictions on the disclosure or use of Confidential Information, including:

2.3    **Employee Promises.**   Employee agrees not to disclose any of Orthofix's Trade Secrets or Confidential Information, directly or indirectly, to any unauthorized person, and not to use them in any way, either during the term of this agreement or at any time thereafter, except as required for the benefit of Orthofix.

*See* **Exhibits 1, 2, and 3**.

**THE DEFENDANTS WORK TOGETHER TO
VIOLATE THE INDIVIDUAL DEFENDANTS' AGREEMENTS
AND FIDUCIARY DUTIES**

24.     The Individual Defendants worked together (in violation of their Non-Solicitation covenants) to resign in a coordinated effort within 24 hours of one another on November 2 and 3, 2022.  Prior to resigning in concert, the Individual Defendants breached their fiduciary duties to Orthofix and communicated with customers of Orthofix to solicit work for Orthofix's competitors in advance of their resignations.  Their efforts worked: upon their resignations, Orthofix promptly lost numerous customers and millions of dollars of business.

25.     The Individual Defendants, particularly Tello, are continuing to solicit other Orthofix sales representatives to leave Orthofix and join Greenlight Medical.

26.     On information and belief, the Individual Defendants are playing a game of "hand off" at Greenlight Medical.  The Individual Defendants purport to change their territories at Greenlight Medical so as not to "technically" violate their covenants with Orthofix but then work (or worked) to transfer business to the new sales representative over their previous territory.  Such a "hand off" does not save the Defendants from liability.  To the contrary, it is evidence of their scheme to jointly violate the Individual Defendants' covenants by attempting to hide the ball.  But their covenants are clear: they are not to "participate" – either directly or indirectly – in a Competing Business in their previous territories.  Further, such

- 10 -

actions violate the confidentiality and non-solicitation covenants of their respective agreements.

27.     Nor can the Individual Defendants avoid their contractual obligations by claiming their territories were restricted in a manner that allows them to directly compete against Orthofix.  Indeed, their respective agreements provide that, for a period of twelve months after their separations, they will not, "*directly or indirectly* … service, do business with, call on, solicit, or take away, or attempt to service, do business with, call on, solicit, or take away any of the Covered Customers of Orthofix." *See* Section 2.3 of **Exhibits 1, 2, and 3**.  It defies logic to believe that key Orthofix customers and millions of dollars of business immediately followed the Individual Defendants without clear violations of this covenant alone.

## INJUNCTIVE RELIEF IS APPROPRIATE

28.     During their employment with Orthofix, the Individual Defendants' job duties included developing business for Orthofix by, among other things, continuously developing and maintaining close relationships with Orthofix's customers and referral sources.  Accordingly, the Individual Defendants developed and maintained close relationships with customers such as the hospitals, medical practices, and orthopedic and spine surgeons who recommend Orthofix's products and services to their patients.  The Individual Defendants each became intimately

- 11 -

familiar with Orthofix's business operations, contractual arrangements, and with the particular needs of Orthofix's customers.

29.    Pursuant to Florida Statute § 542.335, Orthofix possesses legitimate business interests meriting protection through enforcement of the covenants included in the Individual Defendants' Sales Agreements.  Specifically, Orthofix's legitimate business interests justifying enforcement of the restrictive covenants include, but are not limited to:

   a.  Orthofix's valuable confidential business information, pursuant to § 542.335(1)(b)(1)–(2);

   b.  Orthofix's substantial relationships with specific prospective or existing customers, pursuant to § 542.335(1)(b)(3); and

   c.  Orthofix's customer goodwill associated with: (i) A specific geographic location; and (ii) A specific marketing or trade area, pursuant to § 542.335(1)(b)(4).

30.    The Individual Defendants expressly agreed that the scope and duration of the restrictive covenants in the Sales Agreements were reasonable, and that preliminary and permanent injunctive relief would be appropriate remedies for any breach.  *See* **Exhibits 1, 2, and 3**, at Section 4, which provides:

   **4.    Injunction.** Employee and Orthofix agree that violations of Section 3 would require injunctive relief as the only fully effective remedy. Orthofix shall be entitled to injunctive relief by temporary restraining order, temporary injunction, and/or permanent injunction. Employee and

Orthofix further agree that Orthofix would be subject to irreparable harm should Employee violate the provisions of Section 3 above. Employee and Orthofix agree that Orthofix will be entitled to an injunction by posting a bond of $1,000.00. Employee and Orthofix agree that the time periods identified in Sections 3.2, 3.3 and 3.4 will be stayed during the period of any breach or violation by Employee of the covenants contained therein and that such time periods will not begin to run in such circumstances until a court of competent jurisdiction enters an injunction pursuant to this Agreement.

*See* Section 4 of **Exhibits 1, 2, and 3**.

31.    Greenlight Medical serves as a distributor providing the same types of Bone Growth Therapy (BGT) products and services that Orthofix provides, and Greenlight Medical and affiliated entities such as Trilogy Surgical, Inc., compete with Orthofix for business with the same customers and referral sources.

32.    Upon information and belief, the Individual Defendants are now performing services for Greenlight Medical that are in direct conflict with their Sales Agreements with Orthofix and include services that are substantially the same if not identical to those they performed for Orthofix.   The Individual Defendants are intentionally using, directly or indirectly, the knowledge, skills, training, and information they obtained from Orthofix for their own benefit and for the benefit of Greenlight Medical.   The Individual Defendants' employment by Greenlight Medical and their use of Orthofix's Confidential Information is in direct violation of their contractual duties, constitutes unfair competition with Orthofix,

PD.40738025.1

and unlawfully interferes with the customer and referral source relationships that were developed while they were employed by Orthofix.

33.    The damage to Orthofix is substantial and immediate.  And it will only continue if Defendants are not immediately enjoined from continuing to violate their restrictive covenants.

34.    To enforce its rights, Orthofix has retain the services of undersigned counsel and is obligated to pay attorney's fees and courts costs in connection with this action.  Pursuant to Section 542.335(1)(k), Fla. Stat., Orthofix should be awarded its attorneys' fees and costs incurred in prosecuting this action to enforce the restrictive covenants contained in the Sales Agreements, particularly given the knowing, willful nature of the violations engaged in.

35.    In this case, the parties specifically agreed at the outset of their relationship that if the restrictive covenants in the Sales Agreements were violated, "Orthofix will be entitled to an injunction by posting a bond of $1,000.00." *See* Section 4 of **Exhibits 1, 2, and 3**.  Orthofix submits that a moderate bond or security should be required, because Orthofix is merely requesting an injunction to enforce pre-existing contractual obligations of which the Individual Defendants were fully aware, before they decided to solicit Orthofix's customers and employees on behalf of a competing business.

## <u>COUNT I - BREACH OF CONTRACT (Pickett)</u>

36.     Orthofix realleges and incorporates the allegations above.

37.     Orthofix and Pickett have a valid and enforceable contract, the Sales Agreement attached as **Exhibit 1**.

38.     Orthofix has performed its obligations under the contract.

39.     Pickett is in present, material breach of the parties' contract.

40.     As Pickett expressly acknowledged, money damages are an inadequate remedy for breach of the parties' contract.

41.     If not enjoined, Pickett will continue to violate her contractual obligations to Orthofix and will continue to cause damage to Orthofix's business and corporate goodwill.

WHEREFORE, Orthofix demands judgment specifically enforcing the parties' contract and preliminarily and permanently enjoining Pickett from continuing to breach it.  Orthofix further seeks an award of monetary damages, costs of suit, and pre- and post-judgment interest.

## <u>COUNT II - BREACH OF CONTRACT (Tello)</u>

42.     Orthofix realleges and incorporates the allegations above.

43.     Orthofix and Tello have a valid and enforceable contract, the Sales Agreement attached as **Exhibit 2**.

44.     Orthofix has performed its obligations under the contract.

45.     Tello is in present, material breach of the parties' contract, and Orthofix has been damaged by her actions.

46.     As Tello expressly acknowledged, money damages are an inadequate remedy for breach of the parties' contract.

47.     If not enjoined, Tello will continue to violate her contractual obligations to Orthofix and will continue to cause damage to Orthofix's business and corporate goodwill.

WHEREFORE, Orthofix demands judgment specifically enforcing the parties' contract and preliminarily and permanently enjoining Tello from continuing to breach it.   Orthofix further seeks an award of monetary damages, costs of suit, and pre- and post-judgment interest.

## COUNT III - BREACH OF CONTRACT (Hoepner)

48.     Orthofix realleges and incorporates the allegations above.

49.     Orthofix and Hoepner have a valid and enforceable contract, the Sales Agreement attached as **Exhibit 3**.

50.     Orthofix has performed its obligations under the contract.

51.     Hoepner is in present, material breach of the parties' contract.

52.     As Hoepner expressly acknowledged, money damages are an inadequate remedy for breach of the parties' contract.

PD.40738025.1

53.     If not enjoined, Hoepner will continue to violate her contractual obligations to Orthofix and will continue to cause damage to Orthofix's business and corporate goodwill.

WHEREFORE, Orthofix demands judgment specifically enforcing the parties' contract and preliminarily and permanently enjoining Hoepner from continuing to breach it.  Orthofix further seeks an award of monetary damages, costs of suit, and pre- and post-judgment interest.

## COUNT IV - BREACH OF FIDUCIARY DUTY (Pickett)

54.     Orthofix realleges and incorporates the allegations above.

55.     By virtue of her prior role as a Territory Manager – Bone Growth Therapies for Orthofix, Pickett owes a fiduciary duty to Orthofix to not use confidential knowledge and information acquired during her employment with Orthofix in competition with her former principal.

56.     Pickett also owed a fiduciary duty to Orthofix to use her best efforts in fulfillment of her employment duties, and to not solicit Orthofix's customers and employees on behalf of a competing business during her employment by Orthofix.

57.     Pickett breached her fiduciary duties to Orthofix by using and/or attempting to use confidential knowledge and information about Orthofix and its customers for the benefit of herself and her new employer, and for competing with Orthofix during her employment.

- 17 -

58.     Orthofix has been damaged by Pickett's actions.

WHEREFORE, Orthofix demands judgment against Pickett for breach of her fiduciary duties and for an award of monetary damages, costs of suit, and pre- and post-judgment interest.

## COUNT V - BREACH OF FIDUCIARY DUTY (Tello)

59.     Orthofix realleges and incorporates the allegations above.

60.     By virtue of her prior role as an Area Manager – Bone Growth Therapies for Orthofix, Tello owes a fiduciary duty to Orthofix to not use confidential knowledge and information acquired during her employment with Orthofix in competition with her former principal.

61.     Tello also owed a fiduciary duty to Orthofix to use her best efforts in fulfillment of her employment duties, and to not solicit Orthofix's customers and employees on behalf of a competing business during her employment by Orthofix.

62.     Tello breached her fiduciary duties to Orthofix by using and/or attempting to use confidential knowledge and information about Orthofix and its customers for the benefit of herself and her new employer, and for competing with Orthofix during her employment.

63.     Orthofix has been damaged by Tello's actions.

PD.40738025.1

WHEREFORE, Orthofix demands judgment against Tello for breach of her fiduciary duties and for an award of monetary damages, costs of suit, and pre- and post-judgment interest.

## COUNT VI - BREACH OF FIDUCIARY DUTY (Hoepner)

64.     Orthofix realleges and incorporates the allegations above.

65.     By virtue of her prior role as a Senior Associate Territory Manager – Bone Growth Therapies for Orthofix, Hoepner owes a fiduciary duty to Orthofix to not use confidential knowledge and information acquired during her employment with Orthofix in competition with her former principal.

66.     Hoepner also owed a fiduciary duty to Orthofix to use her best efforts in fulfillment of her employment duties, and to not solicit Orthofix's customers and employees on behalf of a competing business during her employment by Orthofix.

67.     Hoepner breached her fiduciary duties to Orthofix by using and/or attempting to use confidential knowledge and information about Orthofix and its customers for the benefit of herself and her new employer, and for competing with Orthofix during her employment.

68.     Orthofix has been damaged by Hoepner's actions.

WHEREFORE, Orthofix demands judgment against Hoepner for breach of her fiduciary duties and for an award of monetary damages, costs of suit, and pre- and post-judgment interest.

PD.40738025.1

## COUNT VII – TORTIOUS INTERFERENCE WITH CONTRACTUAL AND ADVANTAGEOUS BUSINESS RELATIONSHIPS  (Greenlight Medical)

69.     Orthofix realleges and incorporates the allegations above.

70.     The Individual Defendants' Sales Agreements (**Exhibits 1, 2, and 3**) are lawful contracts containing restrictive covenants that are reasonable in time, area, and line of business, and are designed to protect Orthofix's legitimate business interests.

71.     Greenlight Medical had knowledge that each Individual Defendant had executed a Sales Agreement with Orthofix that contained confidentiality and restrictive covenant provisions.  The principal of Greenlight Medical, Elizabeth Stevenson, had full knowledge of the contents of the Sales Agreements executed by the Individual Defendants, who previously worked as sales agents for Stevenson's Options Medical LLC business.

72.     Despite  Greenlight  Medical's  knowledge  of  the  contractual obligations of the Sales Agreements, Greenlight Medical has hired and used the Individual Defendants in violation of the Sales Agreements.  By doing so, Greenlight Medical has unjustifiably and intentionally interfered with Orthofix's contractual rights under the terms of its Sales Agreements with the Individual Defendants.

73.     By hiring Orthofix's employees, utilizing Orthofix's Confidential Information, and utilizing the Individual Defendants to compete against and solicit

business and employees from Orthofix's customers and employees, Greenlight Medical has tortiously and intentionally interfered with Orthofix's present and prospective business and contractual relationships for its own benefit, without right or justification, at the expense of Orthofix.

74.     By inducing Orthofix's employees to convince Orthofix's customers to terminate their relationships with Orthofix, Greenlight Medical has tortiously and intentionally interfered with Orthofix's present and prospective business relationships for its own benefit, without right or justification, at the expense of Orthofix.

75.     Greenlight Medical's interference with Orthofix's contractual rights and advantageous business relationships is causing Orthofix immediate and irreparable injury, loss, and damage.

WHEREFORE, Orthofix demands judgment against Greenlight Medical be preliminarily and permanently enjoined from tortiously interfering with Orthofix's contractual rights and advantageous business relationships with Orthofix's employees and customers.  Orthofix further seeks an award of monetary damages, costs of suit, and pre- and post-judgment interest.

## COUNT VIII - PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (All Defendants)

76.     Orthofix realleges and incorporates the allegations above.

77.     Orthofix, in an effort to mitigate its damages and preserve the status quo before final adjudication of this matter, seeks this Court's order enjoining the Individual Defendants, Greenlight Medical, and those acting in concert with each and any of them, from violating the terms of the Sales Agreements.

78.     Orthofix is entitled to the entry of a preliminary injunction against the Defendants because Orthofix can demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunctive relief will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest.  There is no adequate remedy at law to prevent the Defendants' wrongful conduct, unless the Defendants are enjoined from continuing their wrongful conduct.

79.     There is a substantial likelihood that Orthofix will prevail on the merits of this action.

80.     Orthofix has suffered and will continue to suffer irreparable injury if injunctive relief is not granted, and the actual and threatened injury to Orthofix outweighs any potential injury to the Defendants.

81.     The granting of injunctive relief will serve the public interest in enforcing the contractual rights of parties, and in limiting the extent of damages Orthofix will incur as a result of the Defendants' actions.

Dated: January 3, 2023.

Respectfully submitted,


/s/ John D. Mullen
John D. Mullen
Florida Bar No. 32883
Reed L. Russell
Florida Bar No. 184860
PHELPS DUNBAR LLP
100 South Ashley Drive
Suite 2000
Tampa, Florida 33601-1288
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570

Attorneys for Plaintiff
Orthofix US LLC

## VERIFICATION

_Signature of Michelle Kendzior_

STATE OF Florida

COUNTY OF Hillsborough

BEFORE ME, the undersigned authority, personally appeared Michelle Kendzior, on behalf of the Plaintiff Orthofix US LLC who, being first duly identified and sworn, deposes and states that he/she has read the foregoing Verified Complaint, and that the statements contained therein are true and correct to the best of his/her knowledge, information, and belief. He/She is personally known to me / has produced _____ as identification.

(SEAL)

Notary Public

Printed/Typed Name: Lori N. Harris

Date: January 3, 2023

My Commission Expires: June 14, 2023

Commission Number: GG 342758

LORI N. HARRIS
MY COMMISSION # GG 342758
EXPIRES: June 14, 2023
Bonded Thru Notary Public Underwriters

- 24 -

PD.40738025.1